UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MM, et al.,

        Plaintiffs,

       v.

SAN RAMON VALLEY UNIFIED SCHOOL

DISTRICT,

        Defendant.

Case No. 12-01337 JCS

**Order for Additional Briefing**

      Presently before the Court are cross-motions for summary judgment ("the Motions") addressing the appropriateness of the February 8, 2011 IEP offered to Plaintiff MM.   The parties dispute, *inter alia*, whether the teacher of the Special Day Class in which MM would be placed under the IEP is authorized to instruct MM in light of the fact that she holds a moderate/severe special education credential whereas MM's primary disability is speech language impairment. The Court held oral argument on the Motions on December 21, 2012.  The Court requires additional briefing on this issue.

      In the briefs and at oral argument, Plaintiffs have taken the position that: 1) a violation of the State's credentialing requirements constitutes a violation of the IDEA;  2) under California's regulations, a moderate to severe special education credential does not authorize an individual to teach a student with the primary disability of Speech Language Impariment ("SLI"); and 3) the reference to "multiple disabilities" in Title 5, CCR §80048.6(b)(2) does not apply under the facts here.  On the last question, Plaintiffs reject the School District's assertion that MM has "multiple disabilities" based on her problems with fine and gross motor skills and the intellectual disability listed in MM's IEP as a secondary disability.  Plaintiffs argue that the reference to "multiple

United States District Court
Northern District of California

disabilities" means multiple *severe* disabilities and the evidence does not show that MM has multiple severe disabilities;  according to Plaintiff, MM's fine and gross motor impairment is typical of children with disabilities such as apraxia or autism and does not rise to the level of a "disability."  Plaintiff further asserts that the reference to an intellectual disability in the IEP should not be considered because it is disputed, the IEP team never treated MM as having an intellectual disability, and no IQ testing has been conducted.

The School District cites MM's alleged intellectual disability and fine and gross motor skill impairment to show that she has "multiple disabilities," but at oral argument counsel conceded that she did not know what the term "multiple disabilties" means as that term is used in Title 5, CCR §80048.6(b)(2).  Defense Counsel did not address the contention of Plaintiff's counsel that neither the alleged intellectual disability nor MM's fine and gross motor skills impairment offers a basis for considering MM to suffer from "multiple disabilities."

The Court requests additional briefing addressing the issues discussed above.  In particular, the parties are requested to file briefs  in which they identify specific legal authority -- including case authority and any applicable state regulations -- for or against the propositions that 1) a violation of state credentialing regulations constitutes a violation of the IDEA; 2) a moderate to severe credential does not authorize an individual to instruct a child whose primary disability is speech language impairment; 3) the term "multiple disabilities" under Title 5, CCR §80048.6(b)(2) does apply where the second impairment is one that would not, by itself,  give rise to an entitlement to special education;  and 4) impairment of fine and gross motor skills of the sort evidenced in this record is not a disability that would entitle MM to special education in the absence of other impairments.  In addition, the parties are requested to point to any evidence in the record that supports (or negates) a finding that MM has an intellectual disability such that she should be considered to have "multiple disabilities" under Title 5, CCR §80048.6(b)(2).

Finally, the parties should address the significance of the Ninth Circuit's holding in *Weissburg v. Lancaster School District*, in which it held:  "Although the IDEA does not confer a legal right to proper disability classification, legal ramifications do arise from a student's disability classification.  For example, *special education teachers must possess credentials*

2

*specific to a child's primary disability*."  591 F.3d 1255, 1259 (9th Cir. 2010) (emphasis added). The parties should also address Title 5, CCR §80046.5, which provides that "[c]redential and added authorization holders who are authorized to serve students through age 22 with disabilities must possess a credential or added authorization that authorizes teaching the primary disability of the students within the special education setting as determined by the program placement recommendation contained withint the [IEP]."

Plaintiffs are requested to file their supplemental brief no later than January 18, 2013. Defendant may file a responsive brief no later than February 1, 2013.

IT IS SO ORDERED.

Dated:  December 28, 2012

_____
Joseph C. Spero
United States Magistrate Judge

United States District Court
Northern District of California